## A01A0832. UNIPAY, INC. v. LYNK SYSTEMS, INC.
### (555 SE2d 78)

ANDREWS, Presiding Judge.

Lynk Systems, Inc. sued Unipay, Inc. f/k/a Smoky Mountain Technologies, Inc. f/k/a Novatek Corporation to collect $164,202.54 claimed due for the sale of electronic credit card processing equipment to Unipay on a contract governed by the Uniform Commercial Code. Lynk also sought to recover expenses of litigation pursuant to OCGA § 13-6-11. Unipay appeals from the trial court's grant of summary judgment to Lynk claiming there was evidence it did not receive all of the equipment sold to it by Lynk, and that this raised factual issues precluding summary judgment. We agree and reverse the grant of summary judgment.

1. In support of its motion for summary judgment, Lynk produced evidence that it agreed to sell and Unipay agreed to buy units of electronic equipment with a total sales price of $164,202.54, that the equipment was delivered to and received by Unipay, and that Unipay owes the entire sales price. During discovery, Unipay admitted that it ordered the equipment at a total price of $164,202.54, that

---

it received a portion of the units of equipment, and that it owes Lynk $90,161.54 of the amount claimed due for the units that it received. As to the $74,041 remaining at issue, Unipay produced evidence that it kept a record of every serial number on each unit of equipment it received from Lynk, and that its records show a portion of the units it ordered from Lynk — units totaling $74,041 of the sales price — were never received. Unipay claimed that boxes containing the equipment shipped by Lynk either never arrived at Unipay or arrived but contained less than the number of units of equipment they were supposed to contain.

We agree with Lynk that Unipay's evidence regarding its recording of serial numbers on equipment received did not rebut direct evidence produced by Lynk that all the boxes of ordered equipment were shipped to and received by Unipay. However, Unipay's evidence does create a question of fact as to whether the shipments of ordered equipment contained fewer units than were ordered.

Lynk contends, however, that Unipay is liable for the entire $164,202.54 due on the shipments regardless of whether the shipments delivered less than the number of items of equipment called for by the agreement. Lynk argues that, even if there were shortages in the shipments, this was a nonconforming tender of delivery that was accepted in whole by Unipay pursuant to OCGA §§ 11-2-601 and 11-2-606. *Prudential Metal Supply Corp. v. Atlantic Freight Sales Co.*, 204 Ga. App. 439, 440 (419 SE2d 520) (1992). Lynk contends that Unipay's shortage defense — raised for the first time in response to the suit — was not an effective rejection of the tender of delivery because it was not timely under OCGA § 11-2-602 (1), and it failed as notice of breach under OCGA § 11-2-607 (3) (a) because it was not made within a reasonable time. Id.; *Atwood v. Southeast Bedding Co.*, 226 Ga. App. 50, 53 (485 SE2d 217) (1997). Accordingly, Lynk argued that, because Unipay accepted the tender of delivery with the shortages and made no timely objection, it must pay the entire contract price. The trial court accepted these contentions and granted summary judgment in favor of Lynk on the basis that Unipay was precluded under these UCC provisions from denying liability for the entire amount due.

We agree that, if Lynk delivered less than the quantity of items called for by the contract, this was an underdelivery that was a non-conforming tender of delivery pursuant to OCGA § 11-2-601. However, Unipay was entitled to view any such underdelivery as an offer by Lynk to sell the quantity of items delivered at the same rate specified for those items in the contract. Anderson, Uniform Commercial Code (3rd ed. 1997), Vol. 4, § 2-601:76. Upon accepting the underdelivery, if any, Unipay would be obligated to pay for the number of items delivered at the rate specified for such items in the contract.

676

Id. at § 2-601:81, 82. Accordingly, questions of fact remain as to whether all of the items ordered were delivered to Unipay. Even if Unipay accepted the alleged underdelivery without timely notifying Lynk of this nonconformity, this did not preclude Unipay from denying liability for the $74,041 claimed due on the items it claims were not delivered.

2. In view of our ruling in Division 1, supra, we also find that a jury must address Lynk's claim for expenses of litigation pursuant to OCGA § 13-6-11. *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 735 (389 SE2d 251) (1989).

*Judgment reversed. Eldridge and Miller, JJ., concur.*

DECIDED OCTOBER 3, 2001.

*Womble, Carlyle, Sandridge & Rice, Nisbet S. Kendrick III, Caroline B. Keller*, for appellant.
*Arnall, Golden & Gregory, Frank N. White*, for appellee.